**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CATHERINE R. WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO. ~~CV403~~-042 |
| | ) |
| NATIONAL RAILROAD PASSENGER | ) |
| CORPORATION, a/k/a AMTRAK, | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

COMES NOW defendant National Railroad Passenger Corporation, d/b/a Amtrak (hereinafter "AMTRAK"), and files its Notice of Removal and respectfully shows the Court the following:

1.   The case of <u>Catherine R. Wells v. National Railroad Passenger Corporation, a/k/a AMTRAK</u> was filed in the State Court of Chatham County, State of Georgia on February 18, 2003, which case is designed under Civil Action No. I030538F (the "Superior Court action"). On February 24, 2003, AMTRAK received a copy of the Summons and Complaint together with plaintiff's Rule 5.2 Certificate, Plaintiff's First Interrogatories to Defendant, Plaintiff's First Request to Produce Documents to Defendant, and plaintiff's Certification Under Uniform State Court Rule 3.2, which comprise all of the process, pleadings, and orders in the

State Court action, which are attached hereto collectively as Exhibit "A."

2. The time for filing this Notice of Removal under the laws of the United States has not expired.

3. Plaintiff Catherine R. Wells was, upon information and belief, at the time of the filing of the State Court action and is now, a resident citizen of the State of Georgia. AMTRAK is incorporated under the laws of Washington, D.C. and has its principle place of business in Washington, D.C., both at the time of the filing of the State Court action and as of the time of the filing of this Notice of Removal. Complete diversity of citizenship exists as between the plaintiff and the defendant presently and existed at the time of the institution of the State Court action.

4  The amount of controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. While the Complaint, contrary to O.C.G.A. § 9-11-8, does not state a specific dollar demand, prior to suit, plaintiff's counsel demanded a sum greater than $75,000 exclusive of interest and costs in settlement of all claims asserted.

5. AMTRAK was created by an Act of Congress, 45 U.S.C. § 501, et seq., and is a corporation of the United States, chartered under the laws of the District of Columbia, and has its principle place of business in the District of Columbia.

6. Because AMTRAK is owned by the United States Government, this Court has federal question jurisdiction over this dispute pursuant to 28 U.S.C. § 1331.

7. The claims in the Complaint are over which this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332. Accordingly, this action is properly removable and removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

8. Written notice of the filing of this Notice of Removal is being given to all adverse parties as required by law.

9. True and copies of this Notice of Removal and the Notice to Attorneys of Removal are being contemporaneously filed with the Clerk of the State Court of Chatham County, Georgia as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant National Railroad Passenger Corporation, d/b/a AMTRAK, gives notice that the above-described State Court action has been removed to this Court.

This 7th day of March, 2003.

*/s/ James W. Purcell*
JAMES W. PURCELL
Georgia Bar No. 589850
Attorney for Defendant AMTRAK

OF COUNSEL:
FULCHER, HAGLER, REED,
   HANKS & HARPER, LLP
POST OFFICE BOX 1477
AUGUSTA, GA 30903-1477
(706) 724-0171

**EXHIBIT "A"**

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

03 FEB 18 PM 1:58

*[Signature: Carlton W. Blair, Jr.]*

| | |
|---|---|
| CATHERINE WELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | CIVIL ACTION NO. I030538F |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION, a/k/a AMTRAK ) | |
| ) | |
| Defendant, ) | |

REGIONAL DIRECTOR
CLAIMS SERVICES
FEB 2 - 2003
PHILADELPHIA, PA

*via U.S. mail*

## COMPLAINT

NOW COME CATHERINE WELLS (hereinafter "Plaintiff") and files and serves *Re* her Complaint against the above Defendant, showing the Court as follows:

### JURISDICTION AND VENUE

1.

Catherine Wells is a resident of Chatham County, Georgia and has submitted herself to this Court's jurisdiction and venue by the filing of this Complaint.

2.

Defendant National Railroad Passenger Corporation a/k/a Amtrak (hereinafter "Amtrak") is an organization created by an act of Congress, to wit, 45 U.S.C. §541, recodified at 49 U.S.C. §24301. By law, Amtrak is a citizen of the District of Columbia with an office and place of doing business at 60 Massachusetts Ave., N.E., Washington, D C, 20002. Amtrak also has an office and place of doing business in Chatham County, Georgia and the Amtrak passenger trip at issue in this case originated and ended in Chatham County, Georgia. Thus, this Court has jurisdiction over Defendant Amtrak and venue is proper in this county.

3.

On or about August, 16, 2001, Plaintiff Wells was a paying passenger traveling on an Amtrak train from Savannah, Georgia to Washington, D.C. At this time, the Amtrak train suddenly shook and jostled violently causing an injury to Plaintiff Wells' left arm

4.

Initially, the above injury did not appear to be significant; however, the left arm worsened and she has developed a severe neuropathy/sympathetic dystrophy of this arm which has required significant medical treatment and has left Mrs. Wells disabled. Mrs Wells is still under medical treatment for this injury.

5.

Under Georgia law, in an action against a railroad company for damages to the person, proof of injury inflicted by the running of locomotives or cars of said company is prima facie evidence of the lack of reasonable skill and care on the part of the servants of the railroad company regarding such injuries.  O.C.G.A. §46-8-292.

6.

As a result of the lack of reasonable skill and care on the part of Amtrak, by and through its servants, as described above, Plaintiff Wells suffered a severe and disabling neuropathic injury to her left arm which has left her permanently partially disabled.

7.

As a result of the lack of reasonable skill and care on the part of Amtrak, as described above, Plaintiff Wells has sustained significant medical expenses and will continue to sustain medical expenses as a result thereof.

losses, past, present, and future which have been incurred and which will continue to be incurred as a result of Defendant's negligence.

**WHEREFORE**, Plaintiff seeks the following relief:

(a)    For timely and proper service and service of process;

(b)    For judgment against Defendant for a reasonable sum representing damages for mental and physical pain and suffering to be determined in the enlightened conscience of the jury;

(c)    For judgment against Defendant for the reasonable value of medical expenses and other healthcare related expenses, past and future, incurred or to be incurred by Plaintiff as a result of the above incident;

(d)    For judgment against Defendant for permanent disability for loss of capacity to labor as well as for lost wages, if any, past and future;

(e)    That Plaintiff has a trial by jury of six (6) persons;

(f)    For such other and further relief as this Court deems just and appropriate.

This 11th day of Feb., 2003.

SPIVA LEWIS OWENS & MULHERIN

JOSEPH A. MULHERIN III
STATE BAR NO. 527910
Attorneys for Plaintiff

Post Office Box 13368
Savannah, Georgia 31416-3368
(912) 691-4686

# STATE COURT OF CHATHAM COUNTY

133 MONTGOMERY STREET, SUITE 308, SAVANNAH, GEORGIA 31401
TELEPHONE: (912) 652-7224 · FACSIMILE: (912) 652-7229

CATHERINE WELLS

Case Number: I030538F

Plaintiff

Versus

NATIONAL RAILROAD PASSENGER
CORPORATION, a/k/a AMTRAK

Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT·
Defendant's Address.

ATTN: MANAGER
NATIONAL RAILROAD PASSENGER CORPORATION
a/k/a AMTRAK
2611 SEABOARD COASTLINE DRIVE
SAVANNAH, GA 31415

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Joseph A. Mulherin, III, Esq.
SPIVA LEWIS OWENS & MULHERIN
200 Commercial Court
Post Office Box 13368
Savannah, Georgia 31416-3368

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*ALSO BEING SERVED WITH THE COMPLAINT ARE PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST TO PRODUCE TO DEFENDANT.

This 18th day of February, 2003

Carlton W. Blair, Jr., Clerk of Court
State Court of Chatham County, Georgia

By: _____
Deputy Clerk, State Court of Chatham County Georgia

Revised 7/98   Statecourt\f \Internet\Summon 2.wpd

Stamped: 03 FEB 18 PM 1:58

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

| | |
|---|---|
| CATHERINE WELLS, | ) |
| Plaintiff, | ) ) ) |
| vs | ) CIVIL ACTION NO. _____ |
| NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK | ) ) ) ) |
| Defendant, | ) ) |

## RULE 5.2 CERTIFICATE

COMES NOW Plaintiff's counsel and pursuant to State Court Rule 5.2, notifies the Court that Plaintiff's First Interrogatories to Defendant, Plaintiff's First Request to Produce to Defendant and this 5.2 Certification have been served on the Defendant with the Complaint.

This __17th__ day of ____July____, 2003.

SPIVA LEWIS OWENS & MULHERIN

_____
JOSEPH A. MULHERIN, III
Georgia Bar No. 527910

Post Office Box 13368
Savannah, Georgia  31416-3368
(912) 691-4686

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

| | |
|---|---|
| CATHERINE WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs | ) CIVIL ACTION NO. _____ |
| | ) |
| NATIONAL RAILROAD PASSENGER | ) |
| CORPORATION, a/k/a AMTRAK | ) |
| | ) |
| Defendant, | ) |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

COMES NOW Plaintiff CATHERINE WELLS, and, pursuant to the provisions of the Official Code of Georgia Annotated (hereinafter "O.C.G.A.") § 9-11-33, serves upon Defendant the following Interrogatories and requires the Defendant to answer said Interrogatories separately and fully in writing, under oath, and within forty-five days after service of said Interrogatories upon Plaintiff's counsel as provided by law.

You are under a duty pursuant to O.C.G.A. § 9-11-26(e) seasonably to supplement your interrogatory responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters; and (b) the identity of each person expected to be called as an expert witness at trial, as well as the subject matter on which he or she is expected to testify and the substance of his or her testimony

You are under a duty to seasonably amend your interrogatory responses if you obtain information on the basis of which: (a) you know that the interrogatory response

was incorrect when made; or (b) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

If you object to answering any of the following Interrogatories on the basis of the "work product" doctrine defined in O.C.G.A. 9-11-26(b), or on the basis of a claim of privilege, please state the following identify the person or persons possessing the information requested, identify the subject matter of the information involved, and the specific grounds for your claim that such information is not discoverable.

## DEFINITIONS

Note A  When used in these Interrogatories, the term "Defendant" or any synonym thereof, is intended to and shall embrace and include, in addition to the named Defendant in its proper person, counsel for Defendant, and all agents, servants, employees, representatives, investigators and other persons or agencies who are in possession of, or have obtained, information for or on behalf of the Defendant.

Note B:  These Interrogatories shall be deemed continuing, and supplemental answers shall be required if Defendant, directly or indirectly, obtains further information of the nature sought herein between the time answers to Interrogatories are served and the time of the trial.

Note C:  As used in these Interrogatories, the term "document" shall mean: whether written, printed, typed, recorded; and by whomever prepared, produced, disseminated, or made; and in any form, in any language including, but not limited to contracts; purchase orders; letters of intent; letters; correspondence; telegrams; inter-

office communications; data transmittal forms; micro-film; microfiche; bulletins; circulars; pamphlets, written analyses and/or studies; reports; minutes of meetings; computer runs; computer tapes, computer programs; computer records; whether or not reduced to hard copy, or notices, diaries; calendars; day planners; summaries; books; plans; shop drawings; drawings; sketches; specifications; telegrams; telexes; transcriptions, notes or memoranda made of any telephone or other communications (which includes but is to limited to verbal communications. letters, inter-office communications, telegrams or telecopy or facsimile transmissions); messages; instructions; work assignments; notebooks, notes; drafts; data sheets; data compilations; work sheets; statistics; speeches; tape recordings; other writings; tapes; magnetic, photographic, electronic or sound tapes or reproductions; x-ray films; or any other "documents" as defined by O C G A § 9-11-34  The term "document" or "documents" shall include the original and any copies thereof which differ in any manner whatsoever from the original and all drafts thereof.  The term refers to documents of which you have knowledge, or to documents in the possession of you or your agents, or documents otherwise under your custody or control

    NOTE D    In regard to persons, the term "identify" means the complete name, address, and telephone number of the person or business, the name of the person's employer at the time of the incident and, if known, at the present time.

## SPECIFIC INTERROGATORIES

1  Identify all witnesses known to the Defendant who saw or claimed they saw all or any part of the incident complained of in this case, and generally state the area or subject matter of their knowledge.

2  Identify all persons, other than eyewitnesses, having any relevant knowledge of the facts and issues involved in this action  For each person listed, state in general terms the area or subject matter of their knowledge.

3.  As a result of the incident complained of in this action, were any photographs, moving pictures, plats, drawings, etc., made of any person or persons, place or places, thing or things, by or on your behalf or anyone else's behalf?  If so, identify the person who has custody and/or control thereof.

4.  Were any statements, written or otherwise, obtained by you or by any other person or persons on your behalf or anyone else's behalf in connection with the incident complained of in this case?  If so, identify all persons giving such statements, the dates on which they were obtained, and identify all persons who have present custody and/or control thereof?

5  Do you contend that any admissions respecting the issues of this suit were made by the parties to this suit or their representatives?  If so, set forth the substance of each such admission, the identity of the person making the admission, as well as the identity of all persons present when the admission was made.

6.  Identify all expert witnesses you have employed in this case as an expert witness for trial or which may be used as an expert at trial.  State the subject matter on

which the expert is expected to testify, the substance of facts and opinions to which the expert is expected to testify, all information and documentation which has been provided to the expert or upon which the expert relies, and furnish a summary of the grounds for each opinion.

7   Identify all persons who have participated in formulating the answers to these Interrogatories.

8   Identify all persons who have investigated the accident in the instant case on your behalf, as well as any written reports of such investigations.

9   State with specificity and completeness the manner in which you contend the incident occurred on which this lawsuit is based.

10   If there were any conditions, such as the condition of the train, of the train track, the weather, the surface condition of the train track, precipitation, etc, which you have reason to believe may have affected the normal operation of the subject train at issue in this incident, please state same.

11   Describe the weather on the date of the incident, including whether any type of precipitation (snow, rain, hail, etc.) was at issue at the time of the incident

12   State each and every material fact upon which Defendant bases its defenses to Plaintiff's Complaint.

13   Please describe in detail each action or activity of the Plaintiff, as observed by you or any agent or employee of the Defendant, at the time of or during the alleged occurrence(s) which is the subject matter of this lawsuit.

14. For each denial of a numbered allegation in the complaint contained in your answer, state the following:

    (a) Exactly which part of the numbered paragraph you admit to be true and which part you maintain to be untrue;

    (b) Of the portions you maintain to be untrue, state in detail the exact reasons for this position of denial.

15. Has this Defendant been properly served and identified? If not, please give your proper name, address and identify your registered agent for service, and, if not appropriately served, explain why not.

16. Do you contend that any other person or entity is or may be liable to Plaintiff for injuries Plaintiff's alleged in her complaint  If so, please identify said persons or entities and provide a factual basis for your belief or assertions.

17 Identify all documentary evidence, not requested in other interrogatories or Request to Produce, which you contend is relevant to any issue involved in the instant case.

This 11th day of Feb, 2003.

SPIVA LEWIS OWENS & MULHERIN

_____
JOSEPH A. MULHERIN III
STATE BAR NO. 527910
Attorneys for Plaintiff

Post Office Box 13368
Savannah, Georgia 31416-3368
(912) 691-4686

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

| | |
|---|---|
| CATHERINE WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO _____ |
| | ) |
| NATIONAL RAILROAD PASSENGER | ) |
| CORPORATION, a/k/a AMTRAK | ) |
| | ) |
| Defendant, | ) |

**PLAINTIFF'S FIRST REQUEST TO PRODUCE DOCUMENTS TO DEFENDANT**

COMES NOW Plaintiff, CATHERINE WELLS and, pursuant to O.C.G A § 9-11-34, requests Defendant to produce for inspection and copying at the offices of Spiva Lewis Owens & Mulherin, 200 Commercial Court, Post Office Box 13368, Savannah, Georgia 31416-3368, the following documents within forty-five days of the date of service of this Request In the alternative, copies of the requested documents may be mailed to Joseph A Mulherin, III, counsel for Plaintiff.

DEFINITIONS

As used in this Request for Production of Documents, the term "document" shall mean whether written, printed, typed, recorded; and by whomever prepared, produced, disseminated, or made, and in any form, in any language including, but not limited to contracts; purchase orders; letters of intent; letters, correspondence; telegrams; interoffice communications; data transmittal forms; microfilm; microfiche; bulletins; circulars; pamphlets, written analyses and/or studies; reports, minutes of meetings; computer runs;

computer tapes, computer programs; computer records; whether or not reduced to hard copy, or notices; diaries; calendars; day planners; summaries; books; plans; shop drawings, drawings; sketches, specifications; telegrams; telexes; transcriptions, notes or memoranda made of any telephone or other communications (which includes but is limited to verbal communications, letters, interoffice communications, telegrams or telecopy or facsimile transmissions); messages; instructions; work assignments, notebooks; notes; drafts; data sheets; data compilations; work sheets, statistics; speeches, tape recordings; other writings; tapes; magnetic, photographic, electronic or sound tapes or reproductions; x-ray films, or any other "documents" as defined by O.C.G.A. Section 9-11-34. The term "document" or "documents" shall include the original and any copies thereof which differ in any manner whatsoever from the original and all drafts thereof  The term refers to documents of which you have knowledge, or to documents in the possession of you or your agents, or documents otherwise under your custody or control.

## SPECIFIC REQUESTS

1. All statements and photographs taken by or on behalf of the Defendant and its respective agents, servants, and investigators or taken by anyone else relating to any facts and issues in this action.

4  Any and all written statements, and the transcriptions, recordings and summaries of oral statements, made by any person pertaining to the controversy which is the subject of this suit.

5. Any and all reports, summaries or correspondence of any kind or nature whatsoever from any expert hired for use at trial or who may be used to testify regarding

the incident which is the subject of this suit, and any written summary of any such expert's oral report or communication

6      All medical records concerning treatment of the Plaintiff

10     Reports, notes, photographs, sketches, investigation documents and other documents obtained or created or coming into existence as a result of the incident.

11.    Any and all documents referred to in Defendant's Answers to Plaintiff's Interrogatories

If the Defendant objects to the production of any of the above documents on the basis of their being privileged or constituting "work product," state the following: the name and present or last known address of the individual who prepared the document in question, the type of document, the date prepared, and said individual's relationship with the Defendant at the time said document was prepared

This 11th day of Feb, 2003.

SPIVA LEWIS OWENS & MULHERIN

By: _____
JOSEPH A. MULHERIN, III
Georgia Bar No 527910

Post Office Box 13368
Savannah, Georgia 31416-3368
(912) 691-4686

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

| | |
|---|---|
| CATHERINE WELLS, | ) |
| Plaintiff, | ) ) ) |
| vs | ) CIVIL ACTION NO. _____ |
| NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK | ) ) ) ) |
| Defendant, | ) ) |

## CERTIFICATION UNDER UNIFORM STATE COURT RULE 3.2

Pursuant to Rules 3.2 and 3.4 of the Uniform State Court Rules, I hereby certify that no case has heretofore been filed in the State Court of Chatham County, State of Georgia, involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the Petition-Pleading to be specifically assigned to the judge whom the original action was or is assigned.

This 17th day of Feb., 2003.

SPIVA LEWIS OWENS & MULHERIN

_____
JOSEPH A. MULHERIN, III
Georgia Bar No. 527910

Post Office Box 13368
Savannah, Georgia 31416-3368
(912) 691-4686

-1-

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served a copy of the foregoing NOTICE OF REMOVAL upon the following:

>Joseph A. Mulherin, III, Esq.
>Spiva Lewis Owens & Mulherin
>Post Office Box 13368
>Savannah, GA 31416-3368

by depositing said copy in the United States mail with adequate postage affixed thereto to ensure proper delivery.

This 7ᵗʰ day of March, 2003.

_____
JAMES W. PURCELL